IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | No.  13 C 4515 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| NORTHWESTERN UNIVERSITY, d/b/a | ) | |
| FEINBERG SCHOOL OF MEDICINE, JOHN X. | ) | |
| THOMAS, and individual, SANDRA M. | ) | |
| SANGUINO, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Jane Doe brought an eight count second amended complaint against Northwestern University, d/b/a Feinberg School of Medicine (the "School"), its Senior Associate Dean for Medical Education John X. Thomas, and Sandra M. Sanguino, Associate Dean for Student Programs and Career Development.  Counts I and II allege violations of § 504 of the Rehabilitation Act of 1973 ("Rehab Act"), 29 U.S.C. § 705 (20),  and Title Three of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq., for failing to provide plaintiff with reasonable accommodations.  Counts III through VI allege: breach of the University policy on discrimination and harassment; breach of the Liaison Committee on Medical Education ("LCME") accreditation as expressed in the Student Handbook; breach of the Student Handbook based on the Student  Promotions Committee ("SPC") proceedings; and breach of the grading policies as expressed in the Student Handbook.  Count VII alleges a claim for negligent hiring, and Count VIII asserts a claim for defamation based on allegedly false statements in plaintiff's medical school transcript as a result of her dismissal.  Defendants have moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), arguing that all of plaintiff's

claims are barred by res judicata, and that the complaint otherwise fails to state a claim. That motion is granted and the complaint is dismissed with prejudice.

## **BACKGROUND**[1]

Plaintiff began medical school at defendant in 2008. At that time she was unaware of having any disability. She failed five of six required first year writing examinations, but passed all four practical courses. She remediated (retook) and passed two of the five failed exams, but failed her "Unit 5" remediated exam. As a result, the SPC recommended that she repeat her entire first year.

In April 2009, plaintiff was diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD"). In May and June 2009 she met with defendant Thomas to discuss her diagnosis and accommodations. Thomas denied plaintiff's request for extra time on a second Unit 5 remediation exam. Plaintiff also sought assistance from defendant Sanguino but again received no help. Plaintiff then sought assistance from Northwestern University's Office of Services for Students with Disabilities ("SSD"). The SSD convinced the School to provide plaintiff extra time to take her written exams.

Plaintiff completed her repeated first year in 2009-2010 with her accommodations in place. She began her second year in 2010, with the same accommodations. She failed two of the four first semester written examinations. She sought but was denied an accommodation that would have converted all of her written exams to oral examinations.

---

[1] The facts are taken from plaintiff's second amended complaint and the verified complaint she filed in the Circuit Court of Cook County, Illinois. The court takes judicial notice of the Circuit Court complaint and that court's ruling. See Brown v. Board of Trustees of University of Illinois, 2012 WL 488106 (N.D. Ill. Feb. 14, 2012).

Plaintiff was about to attempt to remediate one of her failed second year exams (Unit 3) when she was assaulted and raped at gun point. Her pelvis was fractured during the assault. She underwent corrective surgery on July 28, 2011. After the assault she suffered from severe depression and post-traumatic distress order ("PTSD"). She took and failed her Unit 3 remediation exam. She again went before the SPC, which determined that she should take a leave of absence and then retake her second year.

On her return, plaintiff again failed a required written examination, but passed five others. She successfully remediated the failed exam on her second additional attempt. She later failed a seventh (Unit 7) examination, and the SPC voted to dismiss plaintiff from the school.

On June 25, 2012, plaintiff sued Northwestern University in the Circuit Court of Cook County, alleging various procedural due process violations associated with the SPC's determination that she be dismissed. She sought and was denied a temporary restraining order, and the court dismissed the entire complaint.

## DISCUSSION

Defendants argue that all claims should be dismissed with prejudice because they are barred by res judicata as a result of the state court judgment. "[A] federal court must give the same preclusive effect to a state-court judgment as another court of that State would give." Parsons Steel, Inc. v. First Ala. Bank, 474 U.S. 518, 523 (1986). For the state-court judgment to preclude this later filed federal case, res judicata must apply under state law, and plaintiff must of had an opportunity to fully and fairly litigate the federal claims (and supplemental state claims) in the state court. Kremer v. Chem. Constr. Corp., 456 U.S. 461, 481-82 (1982).

3

Under Illinois law, res judicata applies when: "(1) there was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of cause of action, and (3) there is an identity of parties or their privies." River Park, Inc. v. City of Highland Park, 184 Ill.2d 290, 302 (1998). "[T]he doctrine of res judicata extends not only to every matter that was actually determined in the prior suit but to every other matter that might have been raised and determined in it." Torcasso v. Standard Outdoor Sales, Inc., 157 Ill.2d 489, 490 (1993).

All three elements are undoubtedly present in the instant case. First, the state court order dismissing plaintiff's case was a final judgment on the merits. The order dismissed the entire complaint and no appeal was taken. See e.g., Blomer Shippers Ass'n. v. Ill. Cent. Gulf R.R. Co., 655 F.2d 772, 777 (7th Cir. 1981).

Next, there is identity of cause of action. To make this determination Illinois uses a "transactional test," which examines whether separate claims "arise from a single group of operative facts, regardless of whether they assert different theories of relief." River Park, 184 Ill.2d at 311. The court examines the claims based on their "factual terms," and "disregard[s] the number of substantive theories, the variant forms of relief flowing from those theories, and the variations and evidence needed to support the theories." Garcia v. Village of Mt. Prospect, 360 F.3d 630, 637 (7th Cir. 2004).

Both plaintiff's state-court case and the instant case challenge plaintiff's dismissal from the School despite defendant's knowledge of her alleged disabilities. That the state-court action was based on an asserted lack of contractual or constitutionally mandated procedures, while the

4

instant case is based predominately on a lack of accommodation is of no import.[2] They are just different theories asserted to reach the same point – that plaintiff was improperly dismissed from the School. All the claims raised in the instant case could have been raised in the state court action. The Circuit Court of Cook County is a court of general jurisdiction, allowing it to hear all federal question claims to which Congress has not vested exclusive jurisdiction in the federal court. State courts have concurrent jurisdiction over ADA claims. Bagnola v. City of Chicago, 1997 WL 106126, *3 (N.D. Ill. 1997). Thus, plaintiff could have raised in the state court all of her federal claims that she raises in the instant case. And, of course, she could have raised all the instant supplemental state law claims as well.

Finally, there is identity of the parties or their privies. The defendant in the state court case was Northwestern University, which is the lead defendant in the instant case. And while the instant case adds two additional individual defendants, they are sued, at least in part, in their "official capacity" as employees of the University. Although the instant complaint is unclear as to which counts are asserted against the individual defendants, the facts alleged demonstrate that each was acting within the scope of employment and thus they are in privy with the University for res judicata purposes. See Ross Adver., Inc.v. Heartland Bank and Trust Co., 969 N.E. 2d 966, 976 (3d Dist. 2012).

---

[2] Plaintiff raises the same alleged procedural deficiencies in the instant case despite the state court judgment directly on point.

## CONCLUSION

For the reasons described above, defendants' motion to dismiss is granted with prejudice.

**ENTER:** November 18, 2014

_____
**Robert W. Gettleman**
**United States District Judge**